IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-213 |
| | § | |
| SKULLDUGGERY, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION, UNJUST ENRICHMENT, AND DENIAL OF
TRADEMARK APPLICATION**

COMES NOW Plaintiff Traxxas, L.P. and files this Original Complaint for Trademark Infringement, Unfair Competition, Dilution, Unjust Enrichment, and Denial of Trademark Application against Defendant Skullduggery, Inc., alleging as follows:

### I. NATURE OF THE SUIT

1. This is a claim for infringement of a federally registered trademark, unfair competition, dilution, and denial of a federal trademark application arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related claims for trademark dilution under Texas Business and Commerce Code § 16.103 and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

### II. THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **Skullduggery, Inc. ("Skullduggery")** is a California corporation having a principal place of business in Anaheim, California.

### III. JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, dilution, and denial of federal trademark application claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, dilution, and denial of trademark application claims.

6. This Court has specific personal jurisdiction over Skullduggery pursuant to due process and the Texas Long Arm Statute because Skullduggery, directly or through intermediaries, sells and offers to sell the accused products to persons in this District and/or purposefully and voluntarily places the accused products into the stream of commerce with the expectation that those accused products will be purchased by consumers in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.

## IV.  BACKGROUND

**A.     Traxxas and Its Trademarks**

8.     The business Traxxas operates was started in 1986.  Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

9.     Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10.     On February 6, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399, which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the TRAXXAS Registration (as updated December 19, 2017) is attached hereto as Exhibit 1.

11.     Traxxas' right to use its TRAXXAS Mark has become incontestable.

12.     In addition to the TRAXXAS Registration, the USPTO has issued to Traxxas four other trademark registrations comprising the word "TRAXXAS":

  a.   U.S. Trademark Registration No. 2,314,111, which comprises a design plus the word "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor sold as a unit in International Class 028;

  b.   U.S. Trademark Registration No. 2,292,851, which comprises stylized characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor, sold as a unit in International Class 028;

      c.    U.S. Trademark Registration No. 5,242,836, which comprises the standard characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009; and

      d.    U.S. Trademark Registration No. 5,257,656, which comprises stylized characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009;

13.    Traxxas has also filed with the USPTO three additional pending applications for trademarks comprising the standard characters "TRAXXAS":

      a.    U.S. Trademark Application No. 88/215,688, which comprises the standard characters "TRAXXAS" as applied to hand tools adapted for use with model vehicles in International Class 008;

      b.    U.S. Trademark Application No. 88/266,147, which comprises the standard characters "TRAXXAS" as applied to decals; stickers; banners; posters; pens; vehicle wraps in International Class 016, lanyards in International Class 022, and apparel, namely, hats, shirts, sweaters, hoodies, jackets, beanies, and scarfs in International Class 025; and

      c.    U.S. Trademark Application No. 88/266,155, which comprises the standard characters "TRAXXAS" as applied to phone accessories, namely, pop sockets in International Class 009, bags; duffel bags; backpacks in International Class 018, and cups; tumblers; beverage sleeves; desk mats in International Class 021.

14.    In 1999, Traxxas launched the T-MAXX, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

15. Since at least November 28, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

16. On November 7, 2006, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the T-MAXX Registration (as updated December 19, 2017) is attached hereto as Exhibit 2.

17. Traxxas' right to use its T-MAXX Mark has become incontestable.

18. In addition to the T-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,913, which comprises stylized characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

19. Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

20. On January 2, 2007, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the MAXX Registration (as updated January 16, 2018) is attached hereto as Exhibit 3.

21. Traxxas' right to use its MAXX Mark has become incontestable.

22. In addition to the MAXX Registration, Traxxas has also filed with the USPTO pending U.S. Trademark Application No. 88/211,966, which comprises the standard characters "MAXX" as applied to batteries and battery chargers in International Class 009.

23. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

24. On May 12, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the E-MAXX Registration is attached hereto as Exhibit 4.

25. Traxxas' right to use its E-MAXX Mark has become incontestable.

26. In addition to the E-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,914, which comprises stylized characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

27. Since at least July 17, 2009, Traxxas has continuously used the standard characters "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify, advertise, and promote its parts for radio-controlled model vehicles to the consuming public.

28. On October 13, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprised the standard characters "MINI MAXX" as applied to radio controlled scale model vehicles equipped with an electric motor or an internal combustion engine, a wireless control

signal receiver mounted on the vehicle enabling remote control of vehicle speed and steering, and parts therefor in International Class 028.

29. On January 9, 2018, the MINI MAXX Registration was duly and legally amended to comprise the standard characters "MINI MAXX" as applied to parts for radio controlled scale model vehicles, namely, electric motors in International Class 028. A true and correct copy of the MINI MAXX Registration is attached hereto as Exhibit 5.

30. Since at least October 30, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

31. On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,758 (the "X-MAXX Registration"), which comprises the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the X-MAXX Registration is attached hereto as Exhibit 6.

32. In addition to the X-MAXX Registration, the USPTO has issued to Traxxas four other trademark registrations comprising the stylized characters "XMAXX":

    a. U.S. Trademark Registration No. 5,110,765, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028; and

    b. U.S. Trademark Registration No. 5,110,766, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

33. In addition to the above-referenced USPTO registrations, Traxxas has registered each of the TRAXXAS Mark, the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, and the X-MAXX Mark internationally.

34. As a result of Traxxas' long use and promotion of each of the TRAXXAS Mark, the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the MINI MAXX Mark, and the X-MAXX Mark (collectively, the "Traxxas Marks"), each of the Traxxas Marks has become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas Marks with Traxxas.

35. As a result of Traxxas' long use and promotion of the Traxxas Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in the Traxxas Marks.

36. The Traxxas Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.     Skullduggery's Infringing Activities**

37. Skullduggery, directly or through intermediaries, sells, offers for sale, distributes, and advertises remote-controlled model vehicles (the "Accused Products"), such as the ones shown below, under the name "MAX TRAXXX":



38. Skullduggery, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this District.

39. The Accused Products are purchased by consumers in Texas and in this District.

40. Skullduggery is using the "MAX TRAXXX" name in commerce.

41. Skullduggery is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas Marks or any confusingly similar marks.

42. Skullduggery began using the "MAX TRAXXX" name after the Traxxas Marks became famous and distinctive.

C.   **Effect of Skullduggery's Infringing Activities**

43. Skullduggery's unauthorized use of the "MAX TRAXXX" name has caused actual confusion or mistake or has deceived customers and potential customers of the parties, at least as to some affiliation, connection, or association of Skullduggery with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

44. Skullduggery's unauthorized use of the "MAX TRAXXX" name is likely to continue to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Skullduggery with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

45. Skullduggery's unauthorized use of the "MAX TRAXXX" name falsely designates the origin of the Accused Products and falsely and misleadingly describes and represents facts with respect to Skullduggery and the Accused Products.

46. Skullduggery's unauthorized use of the "MAX TRAXXX" name enables Skullduggery to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused Products not solely on their own merits, but on the reputation and goodwill of Traxxas, its Traxxas Marks, and its products.

47. Skullduggery's unauthorized use of the "MAX TRAXXX" name is likely to cause dilution of the famous Traxxas Marks.

48. Skullduggery's unauthorized use of the "MAX TRAXXX" name unjustly enriches Skullduggery at Traxxas' expense. Skullduggery has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

49. Specifically, Skullduggery has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas Marks developed and owned by Traxxas, resulting in Skullduggery wrongfully obtaining a monetary and reputational benefit for its own business and products.

50. Skullduggery's unauthorized use of the "MAX TRAXXX" name removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas

Marks and places the valuable reputation and goodwill of Traxxas in the hands of Skullduggery, over whom Traxxas has no control.

51.  Unless these acts of Skullduggery are restrained by this Court, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

52.  At least by filing and serving this Complaint, Traxxas is giving Skullduggery written notice of its claims set forth in this Complaint.

### D.  Skullduggery's MAX TRAXXX Application

53.  On May 3, 2018, Skullduggery filed with the USPTO Application Serial No. 87/906,670 (the "MAX TRAXXX Application") for the standard characters "MAX TRAXXX" as applied to "Toy cars; Toy building structures and toy vehicle tracks; Toy model cars; Toy vehicle track sets and roadways and accessories therefor" in International Class 028 (the "MAX TRAXXX Mark").

54.  The MAX TRAXXX Application was abandoned on March 25, 2019, but revived on May 29, 2019.

55.  By virtue of Traxxas' prior and senior rights arising from use of its Traxxas Marks, Skullduggery is barred from obtaining a registration of the same mark, because the attempt to register by Skullduggery of the MAX TRAXXX mark for similar goods and services as those provided by Traxxas, without Traxxas' authorization, creates a likelihood of confusion under Section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) that there exists a common source, affiliation, and sponsorship with the goods and services provided by Traxxas in connection with its Traxxas Marks.

56.     If Skullduggery is permitted to obtain the registration sought, and thereby obtain the *prima facie* exclusive right to use the MAX TRAXXX Mark in commerce for its goods and services, Traxxas will be harmed in that a cloud will be placed on Traxxas' title in and to its Traxxas Marks and its right to enjoy the free and exclusive use thereof.

## V.  CLAIMS

### A.  Federal Trademark Infringement

57.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

58.     Skullduggery's acts complained of herein constitute infringement of Traxxas' federally registered Traxxas Marks in violation of 15 U.S.C. § 1114(1).

### B.  Federal Unfair Competition

59.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

60.     Skullduggery's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

### C.  Federal Trademark Dilution

61.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

62.     Skullduggery's acts complained of herein constitute dilution of Traxxas' famous Traxxas Marks in violation of 15 U.S.C. § 1125(c).

### D.  Texas Trademark Infringement

63.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

64. Skullduggery's acts complained of herein constitute trademark infringement in violation of Texas state common law.

### E. Texas Unfair Competition

65. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

66. Skullduggery's acts complained of herein constitute unfair competition in violation of Texas state common law.

### F. Texas Trademark Dilution

67. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

68. Skullduggery's acts complained of herein constitute dilution of Traxxas' famous Traxxas Marks in violation of Texas Business and Commerce Code § 16.103.

### G. Texas Unjust Enrichment

69. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

70. Skullduggery's acts complained of herein constitute unjust enrichment of Skullduggery at Traxxas' expense in violation of Texas state common law.

### H. Denial of the MAX TRAXXX Application

71. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

72. By virtue of Traxxas' prior and senior rights arising from its prior use of its Traxxas Marks, Skullduggery is barred from obtaining registration of the MAX TRAXXX Mark because Skullduggery's attempt to register the MAX TRAXXX Mark, without Traxxas'

authorization, creates a likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

## VI. DAMAGES

73. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

74. Skullduggery's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Skullduggery's profits under 15 U.S.C. § 1117(a).

## VII. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that Skullduggery has infringed the Traxxas Marks under federal and Texas state common law, as described herein;

b. A judgment in favor of Traxxas that Skullduggery has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c. A judgment in favor of Traxxas that Skullduggery has diluted Traxxas' famous Traxxas Marks under federal and Texas state common law, as described herein;

d. A judgment in favor of Traxxas that Skullduggery has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e. A judgment and order directing the USPTO to deny the MAX TRAXXX Application and refuse issuance of a registration from the MAX TRAXXX Application;

f. A permanent injunction:

    (1) enjoining Skullduggery, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas Marks and any

        other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas Marks (including but not limited to the "MAX TRAXXXX" name), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

    (2)    requiring Skullduggery, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused Products, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the "MAX TRAXXX" name or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas Marks; and

    (3)    requiring Skullduggery to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Skullduggery of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Skullduggery has complied with the injunction;

    g.    A judgment and order directing an accounting to determine Skullduggery's profits resulting from the activities complained of herein, including Skullduggery's profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

    h.    A judgment and order requiring Skullduggery to pay Traxxas its damages sustained as a result of Skullduggery's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed;

  i. A judgment and order requiring Skullduggery to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest; and

  j. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: June 6, 2019

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*