# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P., § § § *Plaintiff,* § § v. § § SKULLDUGGERY, INC., § § *Defendant.* § | Civil Action No. 2:19-cv-213-JRG  JURY TRIAL DEMANDED |

## JOINT MOTION BY THE PARTIES CONCERNING AMENDMENT OF FIRST AMENDED DOCKET CONTROL ORDER AND STANDING ORDER REGARDING COVID-19

In this trademark infringement case, Plaintiff Traxxas, L.P. ("Traxxas") and Defendant Skullduggery, Inc. ("Skullduggery") file this joint motion concerning the amendment of the First Amended Docket Control Order [Doc. No. 40] entered February 11, 2020, and pursuant to the Court's Standing Order Regarding the Novel Coronavirus (COVID-19).

This case is set for jury trial on June 1, 2020. The parties seek a 90-day extension of trial and all pretrial deadlines because Skullduggery's testifying damages expert was diagnosed today with COVID-19, requiring his quarantine for an unspecified period of time. Given this unforeseen development, it is virtually certain that Skullduggery could not meet its current expert report deadline of March 26, 2020 or present its expert for deposition by the current April 2, 2020 discovery deadline, which would also effectively prevent the parties' ability to meaningfully comply with subsequent pretrial deadlines such as the dispositive motion and *Daubert* motion deadline of April 9, 2020.

The amendment is also sought because the parties anticipate difficulties and enhanced risk of exposure to COVID-19 with travel, at least through the remaining discovery period, with respect to multiple depositions of relevant third-party witnesses that have been noticed to occur in various cities throughout the country, including some where significant numbers of COVID-19 cases have been reported, such as Seattle and Atlanta.

This motion is not made for purposes of delay, but rather in the interest of justice to facilitate full and fair discovery and avoid unfair prejudice to the parties in this action. In support thereof, the parties would respectfully show the Court as follows as providing good cause:

1. This trademark infringement case is currently set for jury trial on June 1, 2020. The current case schedule is very compressed. For example, Traxxas' expert report deadline is March 12; Skullduggery's expert report deadline is March 26; the discovery deadline is April 2; and the dispositive motion deadline is April 9.

2. The parties have agreed that a 90-day extension of trial and all pretrial deadlines is appropriate for two reasons.

3. First, Skullduggery's testifying damages expert has been diagnosed with COVID-19, requiring his quarantine for an unspecified period of time, and thereby making him unable to issue an expert report or be deposed under the current case schedule and effectively preventing the parties from meaningfully complying with subsequent pretrial deadlines such as the dispositive motion and *Daubert* motion deadline of April 9, 2020.

4. On the morning of March 12, 2020, Skullduggery's counsel received word that its retained, testifying damages expert was having severe respiratory symptoms, consistent with the symptoms of novel coronavirus (COVID-19). After speaking with the expert, Skullduggery's counsel notified Traxxas and its counsel of this and proposed an extension of at least its damages

expert's report and deposition. Traxxas' counsel responded by proposing a bilateral extension of expert deadlines based on Skullduggery's expert's health situation because of its concern that, while the expert's health situation was not within anyone's control, it would be unfairly prejudicial to Traxxas if it had to serve its expert report on March 12 but then Skullduggery would have an as yet indeterminable extended period of time (certainly beyond the 14 days provided under the current schedule) before having to serve its rebuttal expert report. Skullduggery's counsel suggested a 90-day extension of all deadlines in the case to address the uncertain issues ahead.

5. On the morning of March 13, 2020, Skullduggery confirmed that its expert has tested positive for COVID-19 and will remain quarantined for an unspecified period of time. Counsel for Traxxas and Skullduggery also held a conference call, at which time the parties agreed to at least a 60-day extension of deadlines, but reached an apparent disagreement over further extensions, based upon Traxxas' concern that a 90-day extension could push the trial of this matter into peak retail season of October, November, and December, which is an extremely busy period for its anticipated trial witnesses. After conferring further, the parties have agreed to a 90-day extension of deadlines.

6. Second, a 90-day extension of trial and all pretrial deadlines is warranted because the parties anticipate difficulties and enhanced risk of exposure to COVID-19 with travel, at least through the remaining discovery period, relating to multiple depositions of relevant third-party witnesses and at least one expert that have been noticed to occur in various cities throughout the country, including some where significant numbers of COVID-19 cases have been reported such as Seattle, Atlanta and New York City Specifically, the parties have noticed approximately ten (10) third-party subpoenas for documents and depositions for witnesses in Seattle, Washington

(two witnesses); Atlanta, Georgia; Jackson Hole, Wyoming; and the Port Charlotte, Florida. Meanwhile, one of Skullduggery's expert witnesses works and resides in New York.



*See* https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (Accessed March 13, 2020). Skullduggery also contends that a 90-day extension is warranted because its key fact witnesses will be traveling from Anaheim, California, for trial.

7. Accordingly, the parties request that the Court enter a 90-day extension of all pretrial deadlines. A copy of the parties' proposed new deadlines for the Second Amended Docket Control Order is attached hereto.

Dated: March 13, 2020

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*


By: /s/ Kirstie M. Simmerman
Kirstie M. Simmerman
Texas State Bar No. 24083858
ksimmerman@grsm.com
Nathan D. Pearman
Texas State Bar No. 24074872
npearman@grsm.com

**Gordon Rees Scully Mansukhani, LLP**
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053

*Counsel for Defendant Skullduggery, Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 13, 2020, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Kirstie M. Simmerman
Kirstie M. Simmerman