**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 2:19-cv-213** |
| | § | |
| **SKULLDUGGERY, INC.,** | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT SKULLDUGGERY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Skullduggery, Inc. ("Defendant" or "Skullduggery"), hereby answers Plaintiff Traxxas, L.P.'s ("Plaintiff" or "Traxxas") First Amended Complaint for Trademark Infringement, Unfair Competition, Unjust Enrichment, and Denial of Trademark Application (the "Complaint") as follows:

### I.    NATURE OF THE SUIT

1.    Paragraph 1 of the Complaint is a statement of the claims to which no responses is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 2 of the Complaint.

### II.    THE PARTIES

2.    Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### III.    JURISDICTION AND VENUE

4.    Defendant admits that this Court appears to have subject matter jurisdiction of the federal claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that this Court appears to have subject matter jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367(a).  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint, and, specifically without limitation, Defendant denies that it does business in the judicial district of the Eastern District of Texas and is subject to personal jurisdiction there.  Defendant has already contested personal jurisdiction and files this answer without waiver to its right to raise the absence of specific personal jurisdiction on appeal.

7.      Defendant denies that venue is proper in this Court as alleged in paragraph 7 of the Complaint.

## IV.      BACKGROUND

8.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 8 of the Complaint.

9.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 9 of the Complaint.

10.      Defendant admits that United States Trademark Registration No. 3,205,399 appears to have been registered by the United State Patent and Trademark Office ("USPTO") on February 6, 2007, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "TRAXXAS" is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint contains a legal conclusion to which no response is required.

12.      (a) Defendant admits that United States Trademark Registration No. 2,314,111 appears to have been registered by the USPTO and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "TRAXXAS" is a legal conclusion to

which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 12(a) of the Complaint.

(b)  Defendant admits that United States Trademark Registration No. 2,292,851 appears to have been registered by the USPTO and that Traxxas is shown as "owner". Whether Traxxas owns any legitimate trademark rights in the term "TRAXXAS" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 12(b) of the Complaint.

(c)  Defendant admits that United States Trademark Registration No. 5,242,836 appears to have been registered by the USPTO and that Traxxas is shown as "owner". Whether Traxxas owns any legitimate trademark rights in the term "TRAXXAS" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 12(c) of the Complaint.

(d)  Defendant admits that United States Trademark Registration No. 5,257,656 appears to have been registered by the USPTO and that Traxxas is shown as "owner". Whether Traxxas owns any legitimate trademark rights in the term "TRAXXAS" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 12(d) of the Complaint.

13.      (a) Defendant admits that United States Trademark Application No. 88/215,688 appears to have been filed by Traxxas by the USPTO and that Traxxas is shown as "owner." Whether Traxxas owns any legitimate trademark rights in the term "Traxxas" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 13(a) of the Complaint.

(b) Defendant admits that United States Trademark Application No. 88/266,147 appears to have been filed by Traxxas by the USPTO and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "Traxxas" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 13(b) of the Complaint.

(c)      Defendant admits that United States Trademark Application No. 88/266,155 appears to have been filed by Traxxas by the USPTO and that Traxxas is shown as "owner." Whether Traxxas owns any legitimate trademark rights in the term "Traxxas" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 13(c) of the Complaint.

14.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 14 of the Complaint.

15.      Defendant admits that United States Trademark Registration No. 1,671,232 appears to have been registered by the USPTO on July 25, 2003, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "TRX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 15 of the Complaint.

16.      Paragraph 16 of the Complaint contains a legal conclusion to which no response is required.

17.      Defendant admits that United States Trademark Application No. 88/262,483 appears to have been filed by Traxxas by the USPTO and that Traxxas is shown as "owner." Whether Traxxas owns any legitimate trademark rights in the phrase or term "TRX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 17 of the Complaint.

18.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 18 of the Complaint.

19.      Defendant admits that United States Trademark Registration No. 2,372,968 appears to have been registered by the USPTO on July 25, 2003, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "PROTRAX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 19 of the Complaint.

Case 2:19-cv-00213-JRG   Document 47   Filed 03/18/20   Page 5 of 18 PageID #:  471

20.     Paragraph 20 of the Complaint contains a legal conclusion to which no response is required.

21.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 21 of the Complaint.

22.     Defendant admits that United States Trademark Registration No. 4,463,980 appears to have been registered by the USPTO on January 7, 2014, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "LATRAX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains a legal conclusion to which no response is required.

24.     (a) Defendant admits that United States Trademark Registration No. 5,272,619 appears to have been registered by the USPTO, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "LATRAX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 24(a) of the Complaint.

(b) Defendant admits that United States Trademark Registration No. 5,272,611 appears to have been registered by the USPTO, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "LATRAX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 24(a) of the Complaint.

25.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 25 of the Complaint.

26.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 26 of the Complaint.

27.     Defendant admits that United States Trademark Registration No. 3,169,710 appears to have been registered by the USPTO on November 6, 2006, and that Traxxas is shown

as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "T-MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains a legal conclusion to which no response is required.

29.     Defendant admits that United States Trademark Registration No. 5,277,913 appears to have been registered by the USPTO, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "T-MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 29 of the Complaint.

30.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 30 of the Complaint.

31.     Defendant admits that United States Trademark Registration No. 3,191,106 appears to have been registered by the USPTO on January 2, 2007, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains a legal conclusion to which no response is required.

33.     Defendant admits that United States Trademark Application No. 88/211,966 appears to have been filed by Traxxas by the USPTO and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the phrase or term "MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 33 of the Complaint.

34.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 34 of the Complaint.

35.      Defendant admits that United States Trademark Registration No. 3,619,270 appears to have been registered by the USPTO on May 12, 2009, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "E-MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 35 of the Complaint.

36.      Paragraph 36 of the Complaint contains a legal conclusion to which no response is required.

37.      Defendant admits that United States Trademark Registration No. 5,277,914 appears to have been registered by the USPTO, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "E-MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 37 of the Complaint.

38.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 38 of the Complaint.

39.      Defendant admits that United States Trademark Registration No. 3,697,101 appears to have been registered by the USPTO on October 13, 2009, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "MINI MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 39 of the Complaint.

40.      Defendant admits that United States Trademark Registration No. 3,697,101 appears to have been amended on or about January 9, 2018.  Whether Traxxas owns any legitimate trademark rights in the term "MINI MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 40 of the Complaint.

41.      Paragraph 41 of the Complaint contains a legal conclusion to which no response is required.

42.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 42 of the Complaint.

43.     Defendant admits that United States Trademark Registration No. 5,110,758 appears to have been registered by the USPTO on December 27, 2016, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "X-MAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 43 of the Complaint.

44.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 44 of the Complaint.

45.     Defendant admits that United States Trademark Registration No. 5,110,764 appears to have been registered by the USPTO on December 27, 2016, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "XMAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 45 of the Complaint.

46.     (a) Defendant admits that United States Trademark Registration No. 5,110,765 appears to have been registered by the USPTO, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "XMAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 46(a) of the Complaint.

(b) Defendant admits that United States Trademark Registration No. 5,110,766 appears to have been registered by the USPTO on December 27, 2016, and that Traxxas is shown as "owner."  Whether Traxxas owns any legitimate trademark rights in the term "XMAXX" is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 46(b) of the Complaint.

47.     Defendant lacks sufficient information to admit or deny the allegations of paragraph 47 of the Complaint.

48.     Whether Traxxas' marks have become distinctive is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies such allegations in Paragraph 48 of the Complaint.  Defendant denies any remaining allegations contained in Paragraph 48.

49.     Whether Traxxas has acquired common law rights is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies such allegations in Paragraph 49 of the Complaint.  Defendant denies any remaining allegations contained in Paragraph 49.

50.     Whether Traxxas' marks have become famous is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies such allegations in Paragraph 50 of the Complaint.  Defendant denies any remaining allegations contained in Paragraph 50.

51.     Defendant admits that it sells remote-controlled toy vehicles under the name "Tracer Racer" with track under the name "MAX TRAXXX."

52.     Whether and how Defendant uses the Accused Products in commerce is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 52 of the Complaint.

53.     Defendant admits the allegations in Paragraph 53 of the Complaint.

54.     Whether and how Defendant uses the "MAX TRAXXX" name in commerce is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies such allegations in Paragraph 54 of the Complaint.

55.     Defendant specifically denies that any of its marks are "confusingly similar" to Traxxas' Marks, but admits that Skullduggery is not affiliated with or sponsored by Traxxas. Defendant denies the remainder of the allegations in paragraph 55 of the Complaint.

56.     Defendant denies that the Traxxas Marks are famous or distinctive, and states that Defendant lacks sufficient information to determine whether Skullduggery began using the "Max

Traxxx" name prior to Plaintiff's contention.  Defendant denies the remainder of the allegations of paragraph 56 of the Complaint.

57.     Skullduggery denies each of the allegations of Paragraph 57 of the Complaint, and specifically denies that the "MAX TRAXXX" name has caused any actual confusion or mistake to customers and potential customers of the parties.

58.     Skullduggery denies each of the allegations of Paragraph 58 of the Complaint, and specifically denies that the "MAX TRAXXX" name is likely to continue to cause confusion, mistake, or deceive customers and potential customers of the parties.

59.     Skullduggery denies each of the allegations of Paragraph 59 of the Complaint, and specifically denies that the "MAX TRAXXX" name is false or misleading in any way.

60.     Skullduggery denies each of the allegations of Paragraph 60 of the Complaint, and specifically denies that the "MAX TRAXXX" name has enabled Skullduggery to trade on or receive any purported "benefit of goodwill" built up by Traxxas.

61.     Skullduggery denies each of the allegations of Paragraph 61 of the Complaint, and specifically denies that its use of the "MAX TRAXXX" name has caused any actual or potential dilution of the Traxxas Marks.  Skullduggery also specifically denies that the Traxxas Marks are purportedly "famous."

62.     Skullduggery denies each of the allegations of Paragraph 62 of the Complaint, and specifically denies that its use of the "MAX TRAXXX" name has unjustly enriched Skullduggery in any respect.

63.     Skullduggery denies each of the allegations of Paragraph 63 of the Complaint.

64.     Skullduggery denies each of the allegations of Paragraph 64 of the Complaint, and specifically denies that Traxxas has any valuable reputation or goodwill.

65.     Paragraph 65 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Skullduggery denies the allegations in Paragraph 65 of the Complaint.

66.    Paragraph 66 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Skullduggery denies the allegations in Paragraph 66 of the Complaint.

67.    Skullduggery admits the allegations of Paragraph 67 of the Complaint.

68.    Skullduggery denies the allegations of Paragraph 68 of the Complaint, except that Skullduggery is temporarily withdrawing the MAX TRAXXX Application on the basis the USPTO has determined such mark and, by extension, Plaintiff's purported marks, are generic or descriptive.

69.    Paragraph 69 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Skullduggery denies each allegation, and specifically denies that there is any likelihood of confusion under Section 2(d) of the Trademark Act.

70.    Paragraph 70 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Skullduggery denies each allegation.

## V.    CLAIMS

### A. Federal Trademark Infringement

71.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

### B. Federal Unfair Competition

73.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

### C. Federal Trademark Dilution

75.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

### D. Texas Trademark Infringement

77.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

### E. Texas Unfair Competition

79.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

### F. Texas Trademark Dilution

81.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

### G. Texas Unjust Enrichment

83.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

### H. Texas Unjust Enrichment

85.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

## VI.     DAMAGES

87.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## VII.     PRAYER FOR RELIEF

Defendant denies that he relief set forth in the Prayer Paragraphs of the Complaint is appropriate or merited, and denies that an injunction is merited.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby sets forth the following matters each constituting an avoidance or affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

(Consent and/or Acquiescence)

1.      The Complaint is barred in whole or in part due to Plaintiff's consent to and/or acquiescence of Defendant's uses.

## SECOND AFFIRMATIVE DEFENSE

(No Causation/Superseding Cause)

2.      No act or omission of Defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of Defendant a contributing cause thereof.  Any alleged acts or omissions by Defendant was superseded by the acts or omissions of others, including Plaintiff or other third parties named or not named in the Complaint, which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

(No Mitigation)

3.      Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish its alleged damages, and accordingly, is barred from recovery of any damages that might have been prevented by such mitigation.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.      The Complaint is barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5.      The Complaint is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

6.      The Complaint is barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7.      The Complaint is barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

8.      The Complaint is barred in whole or in part to the extent that Plaintiff's claims are barred by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

(Mark Invalidity)

9.      The Complaint is barred in whole or in part due to the invalidity of Plaintiff's purported trademarks at issue.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith)

10.      At all relevant times, Defendant acted in complete good faith, thereby prohibiting a finding of intentional or willful conduct, and prohibiting the imposition of treble and/or punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unfair Competition/Bad Faith)

11.      On information and belief, Plaintiff commenced this action for the sole or primary purpose of harassing its successful competitors in the market.

## TWELFTH AFFIRMATIVE DEFENSE

(Privilege/Justification)

12.      Defendant's acts or omissions were privileged and/or justified.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Fraud)

13.     The Complaint is barred in whole or in part to the extent that Plaintiff's registered trademarks were obtained and/or maintained by fraud.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

14.     The Complaint is barred in whole or in part to the extent that Plaintiff abandoned its purported trademarks in whole or in part.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Trademark Misuse)

15.     The Complaint is barred in whole or in part by the doctrine of trademark misuse.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Fair Use)

16.     In the alternative, should infringement otherwise be found, then the Complaint is barred in whole or in part because the purported infringing marks are phrases that are generic or descriptive of Defendant's own goods or services, such uses are made fairly and in good faith related to the goods or services at issue, and Defendant does not use the phrases as a trademark.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Distinctiveness)

17.     The Complaint is barred in whole or in part as Plaintiff's marks at issue, and the only common elements between Plaintiff's and Defendant's marks lack distinctiveness.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Secondary Meaning

18.     The Complaint is barred in whole or in part because some or all of the marks at issue lack secondary meaning.

## NINETEENTH AFFIRMATIVE DEFENSE

(First Amendment)

19.     The Complaint is barred in whole or in part because Defendant's use of the Accused Mark is protected by the First Amendment to the United States Constitution and principles of free speech.

## TWENTIETH AFFIRMATIVE DEFENSE

(Fraud on USPTO)

20.     The Complaint is barred in whole or in part because Plaintiff knew, at the time Plaintiff's marks at issue were registered, that those marks have been used by third parties in commerce, but misrepresented that information to the US Patent and Trademark Office and perpetuated a fraud on the USPTO thereby.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Third Party Use)

21.     The Complaint is barred in whole or in part because of third-party uses of Plaintiff's marks at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Actions of Others)

22.     Plaintiff's claims are barred in whole or in part because Plaintiff's damages were caused, in part or in whole, by the actions of other third-parties and not to Defendant's use of the Accused Mark.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Mistake)

23.     Plaintiff's claims are barred in whole or in part due to mutual or unilateral mistake.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

24.     Defendant has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action.  Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Skullduggery, Inc. prays for judgment against Traxxas as follows:

1. That Traxxas take nothing by its claims against Skullduggery;

2. For an Order directing the Commissioner of Trademarks of the United States and/or the United States Patent and Trademark Office to cancel as invalid Traxxas' trademark registrations and pending applications.

3. For costs and disbursements incurred herein, including attorneys' fees.

4. For other such relief as the Court may deem appropriate.

DATED March 18, 2020.                Respectfully submitted,

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

*/s/ Kirstie M. Simmerman*
**KIRSTIE M. SIMMERMAN**
State Bar No. 24083858
ksimmerman@grsm.com
**NATHAN D. PEARMAN**
State Bar No. 24074872
npearman@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, Texas  75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile

**ATTORNEYS FOR DEFENDANT**
**SKULLDUGGERY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's ECF system.

*/s/ Nathan D. Pearman*
NATHAN D. PEARMAN