**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:19-cv-213-RSP |
| v. | § | |
| | § | |
| **SKULLDUGGERY, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>FIRST AMENDED DISCOVERY ORDER</u>**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.** **Disclosures.** Except as provided by paragraph 1(j), within 30 days after the Scheduling Conference each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation;

(h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j) for any testifying expert, by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        1. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared

       by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

    2. the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

  d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

  e. any party shall be excused from furnishing an expert report of treating physicians.

**2.**  **Protective Orders.**  A Protective Order was previously entered.  The Court authorizes any party to file under seal any document containing Confidential Information subject to the Protective Order.

**3.**  **Additional Disclosures.**  Each party, within 45 days after the Scheduling Conference and without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

 (a) a copy of all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to the claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

  (b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered; and

  (c) the documents and authorizations described in Local Rule CV-34.

The Court shall order the disclosures set forth in paragraph 3(a), (b), and (c) in the absence of a showing of good cause by any party objecting to such disclosures.

4. **Discovery Limitations.** Discovery in this cause is limited to the disclosures described in paragraphs 1 and 3 together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, deposition on written questions of custodians of business records for third parties, the depositions of 3 expert witnesses per side and 10 hours per side for third party fact witness depositions. "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged by the deadline set in the Docket Control Order. Any party may move the Court for an order compelling the production of any privileged documents or information identified in any other party's privilege log. If

such a motion is made, the party asserting privilege shall file with the Court, within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by filing a notice within 14 days of the deadline set in the Docket Control Order for exchanging privilege logs.

6. **Pre-trial disclosures.** Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a)   The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b)   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of deposition testimony.

    (c)   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph

      (C).   Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

9. **Discovery Disputes.**

    (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days


after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed seven pages.  Attachments to a discovery related motion, or a response thereto, shall not exceed five pages.  No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).  Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (see Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages.  Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).  Any change to a party's lead attorney designation must be accomplished by motion and order.

(e) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).

10. **No excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

11. **Filings.**  Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

12. **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court.  Such are posted on the Court's website  http://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap.  The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference.  All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 5th day of May, 2020.**

                                                                                   ROY S. PAYNE
                                                                                   UNITED STATES MAGISTRATE JUDGE